1  James P. Wagoner, # 058553          (SPACE BELOW FOR FILING STAMP ONLY)
   McCormick, Barstow, Sheppard
2  Wayte & Carruth LLP
   P.O. Box 28912
3  5 River Park Place East
   Fresno, CA  93720-1501
4  Telephone:     (559) 433-1300
   Facsimile:      (559) 433-2300
5
   Attorney for Defendant
6  NATIONAL UNION FIRE INSURANCE
   COMPANY OF PITTSBURGH, PA
7

8  Ross Bozarth
   Guenard & Bozarth, LLP
9  8830 Elk Grove Boulevard
   Elk Grove, CA 95624
10 (916)714-7672
   (916)714-9031 (Fax)
11
   Attorney for Plaintiff
12 JOHN SEROWCHAK

13                    UNITED STATES DISTRICT COURT

14                    EASTERN DISTRICT OF CALIFORNIA

15 | JOHN SEROWCHAK,                    | Case No.  2:09-CV-03291-FCD-GGH
16 |           Plaintiff,               | **STIPULATION AND ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION**
17 |      v.                            |
18 | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and
19 | DOES 1-30, inclusive,
20 |           Defendant.

21

22        Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties hereby stipulate

23 to the following to facilitate discovery and protect the confidentiality of and rights to information

24 and documents disclosed in connection with this litigation:

25        1.    ***Applicability Of This Protective Order.***  All information and material produced or

26 exchanged in discovery or otherwise made available for inspection and copying in this case and

27 designated by a party or non-party as "CONFIDENTIAL" pursuant to the terms of this Protective

28 Order (hereinafter "Confidential Material") shall be governed by this Protective Order.

2. ***Use of Information Produced Pursuant To This Order.***  Confidential Material shall not be made available to any person or entity except as authorized under this Protective Order.  Confidential Material shall be used by the party or parties to whom the information is produced solely for the purpose of litigating this case.  Such information and material shall not be used or disclosed to any other person or entity for any other use or purpose, unless otherwise agreed in writing by the Designating Party or so ordered by the Court. For purposes of this Protective Order, the party designating information or material as Confidential Material is defined as the "Designating Party."  Nothing contained in this Protective Order shall affect the right of a Designating Party to disclose or use its own Confidential Material for any purpose.

3. ***Confidential Information Designation.***  A party may designate as "CONFIDENTIAL" any document, material, item or information that is filed with the Court or produced or made available in discovery in this action and is or contains information confidential to the Designating Party.

4. ***Designating and Marking Confidential Material.***  A document is to be designated as Confidential Material by stamping or writing on it the following legend: "CONFIDENTIAL." This legend shall be placed on the first page of the document and on each page that the Designating Party claims to contain Confidential Material.

5. ***Inadvertent Misdesignation.***  A Designating Party that inadvertently fails to mark an item as "CONFIDENTIAL," or marks an item with an incorrect designation of confidentiality, at or near the time of production shall have thirty days after discovery of the inadvertent failure or mistake to correct such failure or mistake.  The correction shall be made in writing and shall be accompanied by substitute copies of each item, appropriately marked as Confidential Material. Within thirty days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked, or incorrectly marked, items and all copies thereof.

Likewise, where a receiving party or person discovers that another party or person seeks to produce or has produced documents containing material or information confidential to the receiving party or person, and yet such material or information has not been marked "CONFIDENTIAL," the receiving party shall be entitled to invoke the procedure for inadvertent

misdesignation set forth in this section.

6. ***Disclosure Of Confidential Materials.*** Information and material designated as "CONFIDENTIAL" may be disclosed only to the following persons unless the Designating Party first otherwise agrees in writing or the Court first otherwise orders:

   a. Counsel for the parties to this litigation, including necessary secretarial, clerical and litigation support or copy service personnel assisting such counsel so long as such counsel and support personnel are apprised of and agree to be bound by the provisions of this Stipulation and Order;

   b. Consultants or expert witnesses performing services in connection with the prosecution or defense of this litigation;

   c. The Court, Court personnel and court reporters;

   d. Representatives of any named party to the litigation, provided that each representative understands and agrees to be bound by the terms of this Order; and

   e. Deposition witnesses, where the Designating Party has consented on the record of the deposition to the showing of the Confidential Material to the witness.

7. ***Use Of Confidential Material By Designating Party.*** Nothing in this Protective Order limits a party's ability to show materials which that party has designated as "CONFIDENTIAL" to whomever the Designating Party deems appropriate. Nothing in this Protective Order limits a party's ability to show materials designated by another party as "CONFIDENTIAL" to that Designating Party, including any present officer, director, employee, or representative thereof.

8. ***Jurisdiction.*** The parties agree this Court has jurisdiction with respect to any proceedings regarding the performance under and/or compliance with this Protective Order.

9. ***Protecting Confidential Materials.*** Each person who receives any Confidential Material shall exercise due and proper care, in connection with the storage, custody, use and dissemination of such material, to avoid any intentional or inadvertent disclosure to persons to whom disclosure is not permitted under this Protective Order.

10. ***Challenging Designation Of Materials As Confidential.*** A party may challenge

3
STIPULATION AND ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION
CASE NO. 2:09-CV-03291-FCD-GGH

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

the designation of Confidential Material only as follows:

    a.    If a party believes material designated as "CONFIDENTIAL" by another party has not properly been so designated or should be reclassified or revealed to an individual not otherwise authorized to have access to such material under the terms of this Protective Order, that party (defined as the "Challenging Party" for purposes of this section) shall provide to the Designating Party written notice of this disagreement. The parties shall then attempt in good faith to resolve such dispute informally.

    b.    If the parties cannot resolve their dispute informally, the Challenging Party may request relief from the Court. The Designating Party bears the burden to establish the contested material is confidential. The material involved shall be treated according to its original designation during the pendency of the challenge.

11. ***Submitting Confidential Materials To the Court.***

    a.    Where a party other than a Designating Party seeks to submit documents to the Court which have been designated as Confidential Material, or which quote or refer to the substance of any such materials, the submitting party shall file any such documents under seal.

    b.    Where a party seeks to submit documents to the Court which have been designated as Confidential Material by the submitting party, the submitting party may file any such documents under seal. The party may also, in its discretion, decline to file such documents under seal. In these circumstances, the submitted material will no longer qualify for protection as Confidential Material under this Protective Order.

12. ***Information Protected By Privilege, Work Product Or Other Doctrine.*** The production of any information governed by this Stipulation and Order shall be without prejudice to any claim by the producing party or non-party that any such information is privileged or otherwise protected within the meaning of Fed. R. Civ. P. 26, and no party or non-party shall be held to have waived any such privilege or protection by such production. If, after documents have been produced, a claim of privilege or protection is made in writing to each party to which the documents were produced, each such receiving party shall take reasonable steps to ensure all copies of those documents are returned promptly to the producing party. If data or information

4

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

STIPULATION AND ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION
CASE NO. 2:09-CV-03291-FCD-GGH

has been extracted or copied from a document that is thus subsequently returned, that information and/or data shall be expunged and not used. To the extent, however, that, before being notified of the inadvertent production, the receiving party has in good faith used such information and/or data in documents filed with the Court or at depositions, the receiving party shall have no obligation to expunge such information and/or data from, or otherwise to alter, any such document filed with the Court or the transcript of any such deposition.

13. ***Conclusion Of Litigation.*** All provisions of this Protective Order restricting the communication or use of Confidential Material shall continue to be binding after the conclusion of this action, unless otherwise agreed by all parties or ordered by the Court. Upon conclusion of the litigation, including the running of any time to appeal or to move for relief under Fed. R. Civ. P. 60(B)(1)-(3), a party in possession of Confidential Material, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall, upon request of the Designating Party, either (a) return such documents, no later than 30 days after the request, to counsel for the party who provided such information; or (b) destroy the documents within that time period and certify in writing within that time period that the documents have been destroyed.

14. ***Use Of Confidential Material During Court Proceedings.*** If any Confidential Material is used in any pretrial proceeding in this dispute, the material shall not lose its status as Confidential Material through such use. The parties shall take all reasonable steps to protect the confidentiality of the Confidential Material during any such use, including, but not limited to, requesting *in camera* proceedings. The terms of this Protective Order do not preclude, limit, restrict or otherwise apply to the use of documents at trial. The parties agree to meet and confer in good faith prior to trial to establish procedures for the use of Confidential Material at trial.

15. ***Improper Disclosure Of Confidential Materials.*** If any Confidential Material is disclosed to any person to whom such disclosure is not authorized by this Protective Order, or other than in a manner authorized by this Protective Order, the party responsible for the disclosure shall, upon discovery of the disclosure, immediately notify the Designating Party in writing of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the party responsible for the disclosure (including the name, address, telephone

1  number and employer of the person to whom the disclosure was made), shall immediately take all
2  reasonable efforts to prevent further disclosure by each unauthorized person who received such
3  information, and shall immediately require each unauthorized person to return all Confidential
4  Material that was improperly disclosed to that person, all copies made of the improperly disclosed
5  Confidential Material, and all documents containing excerpts from or references to the improperly
6  disclosed Confidential Material.

7      16.   *No Admissions.*  Compliance with this Protective Order in no way constitutes an
8  admission by any party that any information designated pursuant to this Protective Order is or is
9  not proprietary, confidential, or a trade secret.

10     17.   *Modification Of Protective Order.*  Each party reserves the right to request that the
11 Court modify the terms of this Protective Order in the event that the party believes that a
12 modification is necessary.

13 **SO STIPULATED:**

16 Dated: March 26, 2010                                  McCORMICK, BARSTOW, SHEPPARD
                                                                                        WAYTE & CARRUTH LLP

By: /s/ James P. Wagoner
James P. Wagoner
Attorney for Defendant
National Union Fire Insurance Company
Of Pittsburgh, Pa

22 Dated: March 26, 2010                                             GUENARD & BOZARTH, LLP

By: /s/ B. Ross Bozarth
B. Ross Bozarth
Attorney for Plaintiff
John Serowchak

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

6
STIPULATION AND ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION
CASE NO. 2:09-CV-03291-FCD-GGH

## **ORDER**

Paragraph 11 is not approved. In order to seal documents, a party must show good cause for the sealing of each document for non-dispositive matters, and compelling reasons in dispositive matters. <u>Pintos v. Pacific Creditors Ass'n.</u>, 565 F.3d 1106, 1115-1116 (9th Cir. 2009). Any request to seal must be accompanied by the appropriate showing, and requested in conformance with E.D. Cal. Local Rule 141.

Pursuant to the above stipulation, as modified above, and good cause shown therefor, IT IS SO ORDERED.

Dated: April 2, 2010            /s/ Gregory G. Hollows

_____
Hon. Gregory G. Hollows
United States Magistrate Judge

Serowchak.ord

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501